**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. 2:26-CR-01044-SMD** |
| | ) | |
| **DEVERNE TORRES, JR**, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR ORDER STRIKING *PRO SE* FILING BY
REPRESENTED DEFENDANT
AND TO PRECLUDE HYBRID REPRESENTATION**

The United States respectfully moves this court to strike the two *pro se* letters mailed to this Court regarding the Defendant's "Motion to Withdraw Guilty Plea" (*see* Doc. 40), from the record, and to preclude the Defendant, Deverne Torres, Jr., (hereinafter "Defendant") from utilizing "hybrid" representation. As explained more fully below, there is no right to hybrid representation and hybrid representation risks possible trial delays, jury confusion, and unnecessary post-trial litigation. The Defendant's *pro se* letter and motion should be stricken because he is represented by counsel, and further *pro se* filings should be prohibited.

**I.      Background**

The Defendant was originally represented by his first attorney, Darcy Blue Riley. She began representing him following her appointment on September 19, 2025. Doc. 4. Attorney Riley filed a Motion to Withdraw as Attorney on January 30, 2026, citing "good-faith efforts to communicate" and break down of communication such that counsel was no longer able to

1

"effectively represent" the Defendant's interests. Doc. 27. On February 5, 2026, Attorney Andrew Ottaway was appointed to represent the Defendant. Doc. 29.

On March 12, 2026, the Defendant pled guilty with the benefit of a plea agreement which he signed on February 10, 2026. On May 30, 2026, a Motion to Withdraw Guilty Plea was filed at the Defendant's request. Doc. 40.  On June 12, 2026, the Government filed its Response. Doc. 44. Despite being represented by counsel, the Defendant mailed a letter and "Defendant's Pro Se Motion to Withdraw a Plea of Guilty" and requested the Court to file it on his behalf, both of which were received on June 17, 2026.

## II.    Law and Analysis

A defendant has a right to be represented by counsel. *Gideon v. Wainwright,* 372 U.S. 335, 344–45 (1963), or to proceed *pro se*, *Faretta v. California*, 422 U.S. 806, 819–20 (1975), but he does not have the right to "hybrid representation," that is, to choose those portions of the case he wishes to conduct and which he wishes to leave to counsel. Stated another way, the defendant's rights to counsel and to proceed *pro se* are disjunctive; a party may either represent himself or appear through an attorney. *United States v. Hill*, 526 F.2d 1019, 1025 (10th Cir. 1975) (holding no right to hybrid representation and upholding trial court's denial of hybrid representation).

The Tenth Circuit has explained that "District courts have discretion over whether to allow hybrid representation." *United States v. Couch*, 758 F. App'x 654, 656 (10th Cir. 2018) (internal citation omitted). The Tenth Circuit in *Couch*, applying an "abuse of discretion" standard, upheld the district court's decision not to allow hybrid representation. *Id.* 758 F. App'x at 656-59. Thus, while the Defendant may choose between *pro se* representation, with the necessary safeguards and colloquies, it is the Government's position that he may not be both represented by counsel and simultaneously file *pro se* motions. The dangers of allowing hybrid representation include possible

trial delays, jury confusion, and inevitable disputes over the appropriate trial or sentencing strategy. The filings made by the Defendant directly do not have the benefit of being vetted for their factual and legal assertions by a licensed attorney, such as defense counsel. Hybrid representation also risks creating factual issues that the Defendant may later exploit in a post-trial habeas corpus proceeding to support the alleged ineffectiveness of trial counsel.  Finally, *pro se* filings have the potential to waste the Court's and the parties' resources in litigating faulty and inevitably fruitless issues motivated by discredited legal theories.

### III.    Conclusion

For the reasons stated *supra*, the United States respectfully requests that the Court enter an order striking the recent *pro se* motion and letter sent by the Defendant on June 17, 2026, from the record. The United States respectfully requests that the Court preclude hybrid representation and bar the Defendant from engaging in any further *pro se* filings or representation unless he first obtains leave of the Court to proceed *pro se* and is carefully questioned by the Court according to *Faretta*.

Should the Court deny this motion to strike, the United States requests direction from the Court on whether the United States will be required to respond to Defendant's *pro se* motion.

Respectfully submitted,

TODD BLANCHE
Acting Attorney General
RYAN ELLISON
First Assistant United States Attorney

*/s/ Tanisha V. Henson June 30, 2026*
TANISHA V. HENSON
Assistant United States Attorney
200 N. Church Street
Las Cruces, New Mexico 88001
Phone: (575) 323-5267
tanisha.henson@usdoj.gov

I HEREBY CERTIFY that on June 30, 2026
I electronically filed the foregoing with the
Clerk of the Court using the CM/ECF electronic
filing system which will send notification to all
counsel of record.
*/s/ Tanisha V. Henson*
TANISHA V. HENSON
Assistant United States Attorney

4