**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. **2:26-CR-01044-SMD** |
| | ) |
| **DEVERNE TORRES, JR**, | ) |
| | ) |
| Defendant. | ) |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO SUPPLEMENT RECORD

The United States hereby responds to the Defendant, Deverne Torres, Jr.'s, "Motion to Supplement Record." Docs. 54, 56, and 56-1. Because the Defendant can marshal neither sufficient facts from the record nor sufficient support from case law to support his extraordinary request, the United States requests this Court deny his Motion to Withdraw his Guilty Plea (Doc. 40) entirely.

The Defendant submitted medical documentation from March 20, 2026, (Docs 56-1) in support of his Motion to Withdraw Guilty Plea (Doc. 40). The Defendant's emergency room visit occurred thirty-nine days after he signed the plea agreement (February 10, 2026) and nine days after the change of plea hearing (March 12, 2026). The Defendant was admitted to Mountainview Regional Medical Center and was discharged the following day, March 21, 2026, with a principal diagnosis of "alcoholic cirrhosis of liver without ascites" and several secondary diagnoses. However, the Defendant offers no medical records prior to the date he signed the plea documents, nor does he offer medical records prior to the change of plea hearing. Also, and perhaps, most importantly, there are no medical records from the date he signed the plea documents, nor are there medical records from the change of plea hearing date. Hence, the Defendant has provided nothing to support his claim that his guilty plea was unknowing, involuntary, or unintelligent.

1

On the other hand, there is a clear and unequivocal audio record from the change of plea hearing where the Defendant did not waiver, stutter, hesitate, ask for clarification, ask for any questions to be repeated, or ask the Court to slow down at any time, nor did he ask to sit down at any time during the proceedings. The Defendant's attorney also did not ask the Court to repeat any questions, nor did he ask the Defendant to repeat any responses or ask the Defendant at any time if he had any difficulties with the proceedings.

Because the Defendant cannot meet the criteria required by binding precedent for the withdrawal of his plea, the United States respectfully requests that the Court honor the plea agreement entered into between the parties, and deny the Defendant's Motion to Withdraw Guilty Plea, and do so without an additional hearing.

Respectfully submitted,

TODD BLANCHE
Acting Attorney General
RYAN ELLISON
First Assistant United States Attorney

*/s/ Tanisha V. Henson July 24, 2026*
TANISHA V. HENSON
Assistant United States Attorney
200 N. Church Street
Las Cruces, New Mexico 88001
Phone: (575) 323-5267
tanisha.henson@usdoj.gov

I HEREBY CERTIFY that on July 24, 2026
I electronically filed the foregoing with the
Clerk of the Court using the CM/ECF electronic
filing system which will send notification to all
counsel of record.

*/s/ Tanisha V. Henson*
TANISHA V. HENSON
Assistant United States Attorney